RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7/15/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

STANLEY E. JAMISON (#06086-097)     DOCKET NO. 15-CV-1678; SEC. P

VERSUS     JUDGE DRELL

UNITED STATES, ET AL.     MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Stanley Edward Jamison, filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] and the Federal Tort Claims Act[2] (FTCA) on May 11, 2015. [Doc. #1] Plaintiff was granted leave to proceed in forma pauperis on May 19, 2015. [Doc. #4] Plaintiff seeks compensation under the F.T.C.A. for a sexual assault by an officer at the United States Penitentiary at Pollock, Louisiana (USP-P). He seeks damages under <u>Bivens</u> for retaliation for submitting grievances and a PREA complaint against an officer.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on February 14, 2014, he was walking to his laundry job, in the direction of Officer Leckie. Officer

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

Leckie pointed toward a metal detector. Plaintiff asked Officer Leckie what his gesture meant. [Doc. #1, p.5] The officer pointed toward the metal detector again. [Doc. #1, p.5] Plaintiff claims that he did not understand why the officer was pointing at the metal detector. Plaintiff asked, "What does that mean?" [Doc. #1, p.5] Officer Leckie stated, "Go through the metal detector." [Doc. #1, p.5] Plaintiff retorted, "That's all you had to say in the first place because I do not understand sign language." [Doc. #1, p.5] Plaintiff went through the metal detector. Nonetheless, Officer Leckie instructed Plaintiff to submit to a pat search. Plaintiff claims that Leckie placed his hand in Plaintiff's front pants pocket and fondled and groped Plaintiff's penis. [Doc. #1, p.5]

Plaintiff submitted a grievance against Leckie and also emailed the Officer of Inspector General through the Prison Rape Elimination Act ("PREA") notification system regarding the incident. [Doc. #1, p.6] Plaintiff alleges that he was then locked in the Special Housing Unit ("SHU") for approximately 90 days and ultimately transferred to another facility in retaliation for his reporting the incident. [Doc. #1, p.6] Plaintiff claims that Dr. Masessa informed him that he was locked up in the SHU because he filed a complaint against a staff member. [Doc. #1, p.6] Plaintiff filed another grievance regarding the alleged retaliatory placement in segregation, as well. [Doc. #1, p.27] He was then transferred to

another prison.

Plaintiff also submitted a tort claim regarding the incident, but he did not receive a response.

### Law and Analysis

I. **FTCA Claim**

Plaintiff filed a tort claim seeking damages for psychological and emotional injury caused by Officer Leckie's actions. Plaintiff received an acknowledgment of his tort claim from the Department of Justice, but did not receive a response to the claim within six months. Sovereign immunity is jurisdictional in nature. See U.S. v. Mitchell, 463 U.S. 206, 212 (1983). Such immunity protects the United States from liability, and deprives the court of subject-matter jurisdiction over claims against the United States. See Hebert v. U.S., 438 F.3d 483, 487-488 (5th Cir. 2006), citing Mitchell, 463 U.S. at 212. The FTCA confers subject matter jurisdiction on district courts over negligence actions against the United States. See 28 U.S.C. §1346(b)(1).

However, there are exceptions to the FTCA's waiver of sovereign immunity, which appear in 28 U.S.C. § 2680(a)-(n). These exceptions limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. One of the exceptions to the FTCA's general consent-to-be-sued policy retains the government's sovereign immunity for any claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h); <u>Truman v. U.S.</u>, 26 F.3d 592, 594 (5th Cir. 1999). To determine whether a claim is one arising out of any of these enumerated torts, the court focuses on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim arising out of any one of the torts listed in Section 2680(h), then the federal courts have no jurisdiction to hear that claim. <u>Truman</u>, 26 F.3d at 594, and cases cited therein. Even if a plaintiff styles a claim so that it is not one that is enumerated in Section 2680(h), the plaintiff's claim is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action. In other words, the FTCA bars a claim based on conduct that constitutes a tort listed in Section 2680(h) even though that conduct may also constitute another tort not listed in Section 2680(h). <u>Truman</u>, 26 F.3d at 594, and cases cited therein. The intent of the FTCA is that the United States would not be financially responsible for the assaults and batteries committed by its employees.

Plaintiff complains of a sexual assault – intentional conduct – by Officer Leckie, which is excepted from the United States' waiver. There is an exception to the exception for the acts or

4

omissions of a federal investigative or law enforcement officer. See Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987). BOP employees can be considered law enforcement officers if they are acting within the scope of law enforcement functions (as opposed to security functions) at the time the tort is committed. Castro, 560 F.3d at 387. Officer Leckie, however, was not in the process of arresting or investigating. He was performing security functions. Because of the intentional tort exception to the FTCA, the Court lacks jurisdiction over Plaintiff's FTCA claim.

**II. Bivens**

Plaintiff may bring a Bivens action against individual officers for an alleged constitutional violation, but he may not bring an action against the BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71-72 (2001); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity).

Thus, Plaintiff's Bivens claim against the officers in their official capacities should be dismissed. The individual capacity claims should be served on the defendants.

*Conclusion*

**IT IS RECOMMENDED** that Plaintiff's **F.T.C.A. claim** and his claim against the defendants in their **official capacities** ~~be~~

~~dismissed~~ be **DISMISSED** for lack of jurisdiction.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6