U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 2 6 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STANLEY EDWARD JAMISON | CIVIL ACTION NO. 1:15-1678 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| USA, ET AL | MAG. JUDGE KIRK |

### MEMORANDUM RULING AND JUDGMENT

On July 15, 2015, a report and recommendation was issued recommending that the plaintiff's F.T.C.A. claims and his claims against the defendant in their official capacities be dismissed for lack of jurisdiction; plaintiff's individual capacity claims were expressly preserved. Plaintiff subsequently filed an objection to the report and recommendation. Plaintiff argues that the claims of sexual battery against defendant, Officer Leckie, are within the jurisdiction of this court because the United States waived their sovereign immunity pursuant to 28 U.S.C. § 2680 (h) citing Millbrook v. United States[1] wherein Justice Thomas held that the FTCA's waiver of sovereign immunity for intentional torts committed by law enforcement officers was not limited to investigative activities abrogating Orsay v. U.S. Dept. of Justice,[2] and Pooler v. U.S.[3]

The F.T.C.A. gives federal district court exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment."[4] However, there are exceptions for certain intentional torts in 28 U.S.C. §

---

[1] 133 S. Ct. 1441 (2013).
[2] 289 F.2d 1125 (Ct.App. 9th Cir. 2002).
[3] 787 F.2d 868 (Ct. App. 3rd Cir. 1986).
[4] 28 U.S.C. § 1346(b)(1).

2680(h) which includes, but is not limited to assault and battery. Section 2680 (h) is frequently referred to as the "intentional tort exception." [5]

In 1974, Congress carved out an exception to 2680(h)'s preservation of the United States sovereign immunity for certain intentional torts by adding a "law enforcement proviso" which extends the waiver of sovereign immunity to claims for six intentional torts which includes assault and battery that are based on the "acts or omissions of the investigative or law enforcement officers." In the report and recommendation, the Magistrate Judge examined the exception to the exception based on whether or not Officer Leckie was in the process of arresting or investigating. The Magistrate concluded that Officer Leckie was performing security functions and therefore the carved out exception was not applicable.

In Millbrook, the Supreme Court held that the waiver of sovereign immunity effected by the law enforcement proviso to the F.T.C.A.'s intentional tort exception extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement, or are executing a search, seizing evidence, or making an arrest. Accordingly, the undersigned will not adopt the report and recommendation to the extent that it draws the conclusion that this court lacks jurisdiction over plaintiff's FTCA claim; the remainder of the report and recommendation with regard to the dismissal of the defendants in their official capacity (the court further notes that plaintiff did not object to this portion of the report) preserving plaintiff's Bivens claims in the defendants' individual capacity, is affirmed. Accordingly, it is

---

[5] **Levin v. United States,** 133 S.Ct. 1224, 1228 (2013).

**ORDERED, ADJUDGED AND DECREED** that plaintiff's <u>Bivens</u> claims against the defendants in their official capacity are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the remaining claims of the plaintiff will remain viable under the jurisdiction of this court.

**THUS DONE AND SIGNED** in chambers on this 26th day of August, 2015.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE